3:20-cv-91

# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Cambria _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: 2020 - 1534 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: Janice Miller, Individually and as Administratrix of the Estate of Barry Jacob Miller

Lead Defendant's Name: The Heil Co., d/b/a Heil Environmental

Are money damages requested? [X] Yes [ ] No

Dollar Amount Requested:
(check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

Is this a *Class Action Suit*? [ ] Yes [ ] No

Is this an *MDJ Appeal*? [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: Debra A. Jensen, Esquire and Bradley R. Smith, Esquire

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

Nature of the Case: Place an "X" to the left of the ONE case category that most accurately describes your PRIMARY CASE. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [X] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

FILED FOR RECORD 2020 MAR 31 AM 11:59

*Updated 1/1/2011*

| | |
|---|---|
| **GALFAND BERGER, LLP**<br>BY:  Debra A. Jensen, Esq.<br>ID:  33598<br>BY:  Bradley R. Smith, Esq.<br>ID:  321117<br>1835 Market Street, Suite 2710<br>Philadelphia, Pennsylvania 19103<br>(215) 665-1600 | **Attorneys for Plaintiff** |
| JANICE R. MILLER, Individually and as<br>Administratrix of the ESTATE OF<br>BARRY JACOB MILLER<br>468 Jackson Street<br>Summerhill, PA 15864<br><br>Plaintiff<br><br>vs.<br><br>THE HEIL CO., d/b/a HEIL<br>ENVIRONMENTAL<br>2030 Hamilton Place Boulevard<br>Suite 200<br>Chattanooga, Tennessee 37421<br><br>ENVIRONMENTAL SOLUTIONS<br>GROUP, LLC<br>2030 Hamilton Place Boulevard<br>Suite 200<br>Chattanooga, Tennessee 37421<br><br>DOVER CORPORATION<br>3005 Highland Parkway<br>Downers Grove, Illinois 60515<br><br>Defendants | **IN THE COURT OF COMMON PLEAS<br>CAMBRIA COUNTY, PENNSYLVANIA**<br><br>**CIVIL TRIAL DIVISION**<br><br>**NO.**<br><br>**MAJOR JURY TRIAL DEMANDED**<br><br>**COMPLAINT – CIVIL ACTION** |

## NOTICE

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court

without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Laurel Legal Services, Inc.
227 Franklin Street, Suite 400
Johnstown, PA 15901
Phone: 814-536-8917
Fax: 814-535-3377

## AVISO

Le han demandado en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo de la demanda y notificacion para asentar una comparesencia escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puede continuar la demanda en contra suya y puede entrar una decision contra usted sin aviso o notificacion adicional por la cantidad de dinero de la demanda o por cualquier reclamacion hecha por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Servicio De Referencia E Informacion Legal
Laurel Legal Services, Inc.
227 Franklin Street, Suite 400
Johnstown, PA 15901
Teléfono: 814-536-8917
Fax: 814-535-3377

## COMPLAINT – CIVIL ACTION

1.      Plaintiff Janice R. Miller (hereinafter "Plaintiff" or "Ms. Miller") is an adult individual who resides at 468 Jackson Street, Summerhill, Pennsylvania 15864.

2.      Ms. Miller was appointed Administratrix for the Estate of Barry Jacob Miller on July 3, 2019 and is therefore authorized to bring this action. Letters of Administration are attached as Exhibit A.

3.      Barry Jacob Miller, Deceased, was the son of Plaintiff Janice Miller. Barry Jacob Miller was born December 24, 1998 and died July 2, 2018.

4.      Barry Jacob Miller (hereinafter "Barry Miller" or "Plaintiff's Decedent") died as the result of catastrophic injuries suffered in a work-related incident on July 2, 2018 while working as a refuse collector operating a Heil "Big Bite" rear-loading garbage truck (hereinafter "subject garbage truck").

5.      Defendant The Heil Co. d/b/a Heil Environmental (hereinafter "Heil") is a business entity with its principal place of business at 2030 Hamilton Place Boulevard, Suite 200, Chattanooga, Tennessee 37421.

6.      At all times relevant hereto, Defendant Heil was and is in the business of designing, manufacturing, selling, distributing, marketing, and supplying commercial garbage trucks, including a certain rear loader garbage truck that is the subject of this lawsuit.

7.      Defendant Environmental Solutions Group, LLC (hereinafter "ESG") is a business entity with its principal place of business at 2030 Hamilton Place Boulevard, Suite 200, Chattanooga, Tennessee 37421.

8.      At all times relevant hereto, Defendant ESG was and is in the business of designing, manufacturing, selling, distributing, marketing, and supplying commercial garbage trucks, including a certain rear loader garbage truck that is the subject of this lawsuit.

9.     Defendant Dover Corporation (hereinafter "Dover") is a business entity with its principal place of business at 3005 Highland Parkway, Downers Grove, Illinois 60515.

10.    At all times relevant hereto, Defendant Dover was and is in the business of designing, manufacturing, selling, distributing, marketing, and supplying commercial garbage trucks, including a certain rear loader garbage truck that is the subject of this lawsuit.

11.    The term "Defendants" as used hereinafter shall refer to each of the aforementioned Defendants both individually and collectively.

12.    The allegations of this Complaint are stated against all Defendants, who at all times relevant hereto were acting individually and/or by and through their agents, ostensible agents, servants, workmen, and employees, who were themselves acting within the course and scope of their agency and employment.

13.    Defendant Heil is registered to do business in this Commonwealth.

14.    At all times relevant hereto, Defendants Heil, ESG, and Dover regularly and systematically conducted business in this Commonwealth.

15.    At all times relevant hereto, Defendants worked in conjunction to design, manufacture, sell, market, and otherwise supply the subject garbage truck.

16.    This cause of action arose in Pennsylvania as a result of an incident involving a Heil garbage truck that was designed, manufactured, sold, distributed, marketed, and/or supplied by Defendants, whose tortious conduct directly led to this incident in Pennsylvania.

17.    Venue is proper in Cambria County as the injury event giving rise to this cause of action occurred in Cambria County.

18.    On July 2, 2018, Barry Miller was performing his job duties as an employee of Pro Disposal, a waste collection company.

19.     As part of Barry Miller's job duties, he and his coworkers operated a Heil Big Bite rear-loading garbage truck intended to be used to collect and compact refuse emptied into the subject garbage truck's hopper by means of a container lifting system.

20.     At approximately 6:30 a.m. on July 2, 2018, Barry Miller and his coworkers were unloading a dumpster at 188 Gilbert Street, Johnstown, Pennsylvania.

21.     The subject garbage truck had a container lifting system for refuse collection. Among other things, the container lifting system included a wire cable and a hook, which attached to the rear of the dumpster in order to raise and lower the dumpster during the collection process.

22.     At or about the time of this incident, while in the process of raising and/or lowering the dumpster, Barry Miller was operating the subject garbage truck's container lifting system controls on the passenger side of the vehicle adjacent to the garbage truck's hopper.

23.     While the dumpster was in a raised position on the rear of the subject garbage truck, the subject garbage truck's wire cable came out of, elevated above, or otherwise escaped the container lifting system's cable guide and the dumpster swung and/or rotated to the passenger side of the garbage truck, pinning Barry Miller between the dumpster and the passenger side of the subject garbage truck.

24.     As a direct result of being pinned between the dumpster and the subject garbage truck, Barry Miller sustained serious injuries that ultimately caused his death.

25.     The subject garbage truck was designed, manufactured, sold, distributed, marketed, and supplied by Defendants.

26.     As designed, manufactured, sold, distributed, marketed, and supplied by Defendants, the subject garbage truck was defective and posed a dangerous and unsafe risk by

exposing operators to a known hazard in which a dumpster could swing, move unexpectedly, and/or dislodge from the rear of the garbage truck into the operator's work area during raising or lowering, thereby posing a known risk of injury or death to operators. Hereinafter, the hazard described in this paragraph shall either be described or referred to as "container swing."

27.     The subject garbage truck was defective because it lacked adequate controls to ensure that a dumpster's trunnion bars stayed engaged and locked in place while the dumpster was being raised or lowered. The subject garbage truck did not have adequate controls to prevent a dumpster from swinging, moving unexpectedly, and/or dislodging from the rear of the truck.

28.     The subject garbage truck was defective because it lacked appropriate features to ensure the container lifting system's cable wire stayed within its cable guide during the raising and lowering of dumpsters. As designed, manufactured, sold, distributed, marketed, and supplied by Defendants, the subject garbage truck did not adequately protect against a dumpster swinging, moving unexpectedly, and/or dislodging from the rear of the truck while the dumpster was being raised or lowered.

29.     The subject garbage truck was defective in that its container lifting system controls were located at the rear of the subject garbage truck within a zone of danger, thereby exposing operators to a known risk of injury or death as herein described, each time they engaged the container lifting system.

30.     As designed, manufactured, sold, distributed, marketed, and supplied by Defendants, the subject garbage truck was defective in that its container lifting system, among other things, lacked an adequate system to contain its wire cable, thereby allowing the cable to rise above, move out of, and/or escape the cable guide during normal operation, rendering the cable guide entirely ineffective and exposing operators to a known risk of injury or death.

31.     At the time Defendants designed, manufactured, sold, distributed, marketed, and supplied the subject garbage truck, there existed technologically and economically feasible alternative designs that would have prevented the container swing hazard that caused Barry Miller's death.

32.     At all relevant times, Defendants knew or should have known that they should never needlessly endanger users of the subject garbage truck.

33.     At all relevant times, Defendants knew or should have known that the subject garbage truck posed an unacceptable risk of physical harm to its users.

34.     At all relevant times, Defendants knew or should have known that hazards present on the subject machine, including the container swing hazard, should be reduced or eliminated to the maximum extent reasonably possible.

35.     At all relevant times, Defendants knew or should have known that the trunnion bars of any dumpster had to be adequately secured by the garbage truck when the dumpster was elevated; otherwise, the dumpster was at risk of swinging, moving unexpectedly, and/or dislodging from the rear of the garbage truck into the operator's work area during raising or lowering of the dumpster, thereby posing a known risk of injury or death to operators from the rear of the garbage truck and causing serious injury and death.

36.     As an operator of the subject garbage truck, Plaintiff's Decedent was a person Defendants expected or should have expected to use the subject garbage truck and be endangered when using the subject garbage truck if the subject garbage truck was not safely designed, manufactured, sold, distributed, marketed, and supplied.

37.     As a direct result of Defendants' negligence and wrongdoing and the defective design of the subject garbage truck, Plaintiff's Decedent suffered catastrophic and fatal injuries.

38.     At the time the subject garbage truck left Defendants' control, Defendants knew or should have known that the subject garbage truck, as designed, manufactured, sold, distributed, marketed, and supplied, posed a container swing hazard that could catastrophically injure or kill operators.

39.     Defendants did not adequately reduce or eliminate the container swing hazard from its design of the subject garbage truck.

40.     At the time the subject garbage truck left Defendants' control, Defendants knew or should have known that the subject garbage truck lacked appropriate features to ensure the system's cable stayed within its cable guide to prevent the dumpster from swinging, moving unexpectedly, and/or dislodging from the rear of the truck during normal operation.

41.     Prior to Barry Miller's fatal injuries, Defendants designed, manufactured, sold, distributed, marketed, and supplied the subject garbage truck without appropriate practical engineering controls or safety awareness methods to protect users from the severe container swing hazard.

42.     As a direct and proximate result of the negligence of all Defendants and the defective and unsafe subject garbage truck, Plaintiff's Decedent Barry Jacob Miller suffered the following traumatic injuries and damages:

    a.  Crush injuries including but not limited to a traumatic brain injury, skull fractures, and sequelae thereof that ultimately resulted in his death;

    b.  Loss of earnings, past and future;

    c.  Hospital, rehabilitative, and medical expenses;

    d.  Conscious pain and suffering;

e.  Psychological injuries including emotional distress, anxiety, and other emotional

trauma; and

f.  Loss of life's pleasures.

43.  As a direct and proximate result of the carelessness, negligence, and wrongdoing

of Defendants and the defective and unsafe subject garbage truck, Plaintiff's Decedent Barry

Jacob Miller suffered catastrophic injuries causing his death on July 2, 2018.

44.  Plaintiff's Decedent Barry Miller was conscious of his pain and suffering,

including physical and mental anguish.

45.  Plaintiff's Decedent Barry Miller experienced fright as a result of his impending

injury and apprehended the peril he was in prior to the dumpster impacting his body.

46.  Plaintiff's Decedent Barry Miller provided financial benefits along with services

and contributions of pecuniary value to his mother Janice Miller. Janice Miller is entitled to be

compensated for these losses.

47.  Plaintiff's Decedent Barry Miller provided companionship, comfort, society,

solace, advice, assistance, support, and counsel to his mother, Janice Miller. Janice Miller is

entitled to be compensated for these losses.

**COUNT I**
**NEGLIGENCE**
**PLAINTIFF JANICE MILLER, AS ADMINISTRATRIX OF THE ESTATE OF BARRY**
**JACOB MILLER, DECEASED v. THE HEIL CO., d/b/a HEIL ENVIRONMENTAL,**
**ENVIRONMENTAL SOLUTIONS GROUP, LLC, and DOVER CORPORATION**

48.  Plaintiff hereby incorporates each and every allegation in the preceding

paragraphs as though set forth at length herein.

49.  At all times relevant hereto, Defendants, having undertaken to design,

manufacture, sell, distribute, market, and supply the subject garbage truck, knew or through the

exercise of reasonable care should have known, that the subject garbage truck was dangerous and unsafe for its intended and/or reasonably foreseeable uses and/or misuses and that such defect(s) would subject users to serious injuries in the subject garbage truck's intended and reasonably foreseeable uses and/or misuses.

50.     Defendants had duties to design, manufacture, sell, distribute, market, and supply the subject vehicle with due care. Defendants breached those duties.

51.     The aforementioned injuries to and death of Plaintiff's Decedent were directly caused by Defendants' negligence and disregard for the safety of others, which consisted of the following acts and omissions:

    a.  Failing to exercise reasonable care in designing, manufacturing, distributing, selling, marketing, and/or otherwise supplying the subject garbage truck due to the container swing hazard that was not adequately protected against and was permitted to exist as designed by Defendants;

    b.  Failing to provide guarding, safety devices, safeguards, or other safety measures to protect users from the container swing hazard;

    c.  Failing to provide adequate locking mechanisms to prevent a dumpster's trunnion bars from dislodging from the rear of the garbage truck;

    d.  Failing to provide an adequate cable guide mechanism for the subject garbage truck's winch system cable.

    e.  Designing, manufacturing, distributing, selling, marketing, and/or otherwise supplying the subject garbage truck in a manner that required users to operate the garbage truck's controls within a zone of danger due to a container swing hazard;

    f.  Designing, manufacturing, distributing, selling, marketing, and/or otherwise supplying the subject garbage truck in a defective and/or dangerous condition, in that it was not equipped with elements necessary to make it safe for use and/or contained elements making it unsafe for use;

    g.  Designing, manufacturing, distributing, selling, marketing, and/or otherwise supplying the subject garbage truck without protecting against predictable and known hazards;

h.  Failing to properly and adequately identify and eliminate or minimize to the fullest extent possible the risk of users being severely injured or killed by the container swing hazard;

i.  Designing, manufacturing, distributing, selling, marketing, and/or otherwise supplying the subject garbage truck with a container swing hazard;

j.  Failing to incorporate automatic safety locks to prevent a dumpster's trunnions from dislodging from the rear of the garbage truck;

k.  Failing to warn or improperly warning users of the subject garbage truck of the dangers and risks of injury, particularly with respect to the potential for a container swing hazard;

l.  Failing to discover the defective, unsafe, and dangerous condition of the subject garbage truck, despite being aware of serious injuries and deaths from the container swing hazard;

m.  Failing to eliminate to the fullest extent possible the risks of injury associated with the intended operation and use of the subject garbage truck; and

n.  Failing to exercise reasonable care in designing, manufacturing, distributing, selling, marketing, and/or otherwise supplying the subject garbage truck, which it knew posed an unreasonable risk of causing physical harm to operators unless carefully made.

52.  The negligence of Defendants as set forth above increased the risk that Plaintiff would be caused to suffer the injuries and damages she in fact did suffer, as fully set forth above.

WHEREFORE, Plaintiff Janice Miller, as Administratrix of the Estate of Barry Jacob Miller, demands Judgment against Defendants The Heil Co., d/b/a Heil Environmental, Environmental Solutions Group, LLC, and Dover Corporation in a sum in excess of the arbitration limits of this Court for all damages available under the facts and Pennsylvania law, as well as interest and costs.

**COUNT II**
**STRICT LIABILITY**
**PLAINTIFF JANICE MILLER, AS ADMINISTRATRIX OF THE ESTATE OF BARRY**
**JACOB MILLER, DECEASED v. THE HEIL CO., d/b/a HEIL ENVIRONMENTAL,**
**ENVIRONMENTAL SOLUTIONS GROUP, LLC, and DOVER CORPORATION**

53.     Plaintiff hereby incorporates each and every allegation in the preceding paragraphs as though set forth at length herein.

54.     Defendants sold and supplied the subject machine in a defective condition due to the above-mentioned defects.

55.     The defective condition of the subject machine made it unsafe for use.

56.     Defendants are a supplier of the subject machine within the meaning of Section 402A of the Restatement (Second) of Torts.

57.     Defendants are strictly liable to Plaintiff pursuant to Section 402A of the Restatement (Second) of Torts.

58.     Defendants are strictly liable to Plaintiff for Plaintiff's Decedent's injuries, death, and damages, pursuant to Pennsylvania product liability law.

59.     The subject machine was defective because it did not provide the safety features that an ordinary consumer would have expected it to have when used in a reasonably foreseeable manner.

60.     The subject machine was defective because a reasonable person would conclude that the probability and seriousness of harm caused by the subject machine outweighed the burden of taking precautions against such harm.

61.     No substantial or material changes in the condition of the subject machine were made from the time it left Defendants' possession to the time of Plaintiff's Decedent's injuries.

62.     The subject machine was not equipped with every element necessary to make it safe for its reasonably foreseeable uses.

63.     Alternatively, the subject machine malfunctioned as a result of a defective condition that existed at the time it left Defendants' control, thereby causing Plaintiff's injuries.

64.     There are no other reasonable or secondary causes for Plaintiff's injuries other than those set forth above.

65.     The defective condition of the subject machine supplied by Defendants was a direct and proximate cause of Plaintiff's Decedent's injuries.

WHEREFORE, Plaintiff Janice Miller, as Administratrix of the Estate of Barry Jacob Miller, demands Judgment against Defendants The Heil Co., d/b/a Heil Environmental, Environmental Solutions Group, LLC, and Dover Corporation in a sum in excess of the arbitration limits of this Court for all damages available under the facts and Pennsylvania law, as well as interest and costs.

## COUNT III
### BREACH OF WARRANTY
**PLAINTIFF JANICE MILLER, AS ADMINISTRATRIX OF THE ESTATE OF BARRY JACOB MILLER, DECEASED v. THE HEIL CO., d/b/a HEIL ENVIRONMENTAL, ENVIRONMENTAL SOLUTIONS GROUP, LLC, and DOVER CORPORATION**

66.     Plaintiff hereby incorporates each and every allegation in the preceding paragraphs as though set forth at length herein.

67.     On or before July 2, 2018, Defendants expressly represented or in some other manner expressed warranties that the subject machine and its component parts were safe for use and for the purposes intended and was of merchantable quality.  These warranties, to the extent they were written, are not presently available to Plaintiff and therefore are not attached to this Complaint.

68.     On or before July 2, 2018, Defendants represented or warranted by implication that the subject machine and its component parts were reasonably fit for the purposes intended and were of merchantable quality.

69.     The representations set forth in the preceding two paragraphs formed part of the bargain for selling the subject product and were relied upon by the purchaser.

70.     The above representations were intended to extend to users of the subject machine.

71.     The above representations of Defendants were false in that the subject machine was not safe for its intended uses and was not of merchantable quality.

72.     As a direct and proximate result of the aforementioned breach of warranties, Plaintiff's Decedent sustained the injuries and damages set forth above.

WHEREFORE, Plaintiff Janice Miller, as Administratrix of the Estate of Barry Jacob Miller, demands Judgment against Defendants The Heil Co., d/b/a Heil Environmental, Environmental Solutions Group, LLC, and Dover Corporation in a sum in excess of the arbitration limits of this Court for all damages available under the facts and Pennsylvania law, as well as interest and costs.

### COUNT IV – WRONGFUL DEATH
### PLAINTIFF JANICE MILLER, AS ADMINISTRATRIX OF THE ESTATE OF BARRY JACOB MILLER, DECEASED v. THE HEIL CO., d/b/a HEIL ENVIRONMENTAL, ENVIRONMENTAL SOLUTIONS GROUP, LLC, and DOVER CORPORATION

73.     Plaintiff hereby incorporates each and every allegation in the preceding paragraphs as though set forth at length herein.

74.     Plaintiff's Decedent Barry Jacob Miller did not bring any action during his lifetime, nor has any action for his death been commenced against Defendants.

75.     Plaintiff brings this action on behalf of all persons entitled by law to recover for damages pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. § 8301. Decedent left surviving him the following persons entitled to recover damages for his death on whose behalf this action is brought:

> Janice Miller – Decedent's Mother
> DOB:

76.     Decedent Barry Jacob Miller died without a will.

77.     The injuries and death of Decedent Barry Jacob Miller were a direct and proximate result and/or substantial result of the negligence of all Defendants and the defective and unsafe Heil garbage truck, as previously set forth herein.

78.     By reason of the death of Decedent Barry Jacob Miller, certain recoverable expenses have been incurred, including but not limited to the following:

a.   Hospital and medical expenses;

b.   Funeral expenses;

c.   Cost of administration of the Estate;

d.   Decedent's lost wages and future wages; and

e.   Loss of Decedent's companionship, comfort, society, solace, advice, assistance, support, and counsel.

79.     By reason of the death of Plaintiff's Decedent, his mother has suffered pecuniary and other losses, including but not limited to, support, assistance, services, training, education, instruction, and nurture, which Plaintiff's Decedent would have extended during his lifetime to his mother. His mother has also lost the value of Plaintiff's Decedent as a viable member of a family unit, including his companionship, affection, society, advice, guidance, and counsel.

80.     All Defendants are jointly and severally liable under the Pennsylvania Fair Share Act.

WHEREFORE, Plaintiff Janice Miller, as Administratrix of the Estate of Barry Jacob Miller, demands Judgment against Defendants The Heil Co., d/b/a Heil Environmental, Environmental Solutions Group, LLC, and Dover Corporation in a sum in excess of the arbitration limits of this Court for all damages available under the facts and Pennsylvania law, as well as interest and costs.

## COUNT V – SURVIVAL ACTION
### PLAINTIFF JANICE MILLER, AS ADMINISTRATRIX OF THE ESTATE OF BARRY JACOB MILLER, DECEASED v. THE HEIL CO., d/b/a HEIL ENVIRONMENTAL, ENVIRONMENTAL SOLUTIONS GROUP, LLC, and DOVER CORPORATION

81.     Plaintiff hereby incorporates each and every allegation in the preceding paragraphs as though set forth at length herein.

82.     Plaintiff also brings this action on behalf of the Estate of Barry Jacob Miller by virtue of 42 Pa.C.S.A. § 8302.

83.     As a result of the injuries and subsequent death of Plaintiff's Decedent Barry Jacob Miller, his Estate has been deprived of the economic value of Decedent's life during the period of his life expectancy. Plaintiff claims all lawful damages for the pecuniary losses suffered by the Estate due to the Decedent's death.

84.     Plaintiff Janice Miller, Administratrix of the Estate of Barry Jacob Miller, claims on behalf of the Estate all legally recoverable damages for the conscious pain and suffering undergone by Plaintiff's Decedent before his death and for the value of the expectancy and enjoyment of life which was terminated by the wrongdoing of Defendants and the defective garbage truck at issue.

WHEREFORE, Plaintiff Janice Miller, as Administratrix of the Estate of Barry Jacob Miller, demands Judgment against Defendants The Heil Co., d/b/a Heil Environmental, Environmental Solutions Group, LLC, and Dover Corporation in a sum in excess of the arbitration limits of this Court for all damages available under the facts and Pennsylvania law, as well as interest and costs.

Respectfully submitted,

GALFAND BERGER, LLP

BY: _____

DEBRA A. JENSEN, ESQUIRE
BRADLEY R. SMITH, ESQUIRE
*Attorneys for Plaintiff*

# VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit.  The language of the pleading is that of counsel and not of signer. Signer verifies that he has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief.  To the extent that the contents of the pleading are that of counsel, verifier has relied upon counsel in taking this verification.  This verification is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.


JANICE MILLER, Representative for the Estate
Of Barry Jacob Miller

# EXHIBIT A



Register of Wills of CAMBRIA County, Pennsylvania
Certificate of Grant of Letters

No. 1119-00658

ESTATE OF   MILLER BARRY JACOB
            (LAST, FIRST, MIDDLE)

Late of    SUMMERHILL BORO
           CAMBRIA COUNTY,

Deceased

Social Security No. _____

WHEREAS, MILLER BARRY JACOB, late of SUMMERHILL BORO
        (LAST, FIRST, MIDDLE)
CAMBRIA COUNTY, died on the 2nd day of July 2018;
and

WHEREAS, the grant of letters of administration _____
is required for the administration of the estate.

THEREFORE, I, PATTY J. SHARBAUGH, Register of Wills
in and for the County of CAMBRIA, in the
Commonwealth of Pennsylvania, have this day granted Letters of Administration____
_____ to MILLER JANICE R

who has duly qualified as administrator(rix)_____ of the estate
of the above named decedent and has agreed to administer the estate according
to law, all of which fully appears of record in my Office at CAMBRIA
COUNTY COURT HOUSE, EBENSBURG, PENNSYLVANIA.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal
of my Office on the 3rd day of July 2019.

_____
              Register of Wills

_____
                        Deputy