## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANICE R. MILLER, individually and as                )
Administratrix of the ESTATE OF BARRY                )
JACOB MILLER,                                        )
                                                     )
                Plaintiff,                )    Civil Action No. 3:20-cv-00091
                                                     )    Judge Stephanie L. Haines
    vs.                                              )
                                                     )
THE HEIL CO.,                                        )
                                                     )
                Defendant.

### MEMORANDUM OPINION

Plaintiff commenced this action by filing a complaint in the Court of Common Pleas of Cambria County (ECF No. 1-1). Plaintiff, a resident of Summerhill, Pennsylvania, is the mother of the deceased Barry Jacob Miller ("Miller") and the administratrix of his estate. *Id*. at ¶¶2-3. The complaint states that Miller died as a result of catastrophic injuries suffered in a work-related incident on July 2, 2018, while he was working as a refuse collector operating a Heil "Big Bite" rear loading garbage truck (hereafter "truck"). *Id.* at ¶4. Plaintiff's complaint asserts wrongful death and survival actions sounding in negligence, strict product liability, and breach of warranty against Defendant arising from this incident.

Defendant removed this action to federal court and then filed the instant partial motion to dismiss and a motion to strike (ECF No. 3) and a brief in support of the motion to dismiss and motion to strike (ECF No. 5). Specifically, Defendant requests that all warranty claims be dismissed from the complaint for failure to state a claim upon which relief can be granted and also moves to strike under Fed. R. Civ. P. 12(e) various "catch-all" subparagraphs that Defendant contends are not pleaded with the requisite specificity. Plaintiff's brief in opposition to

Defendant's partial motion to dismiss and motion to strike (ECF Nos.7-8)[1] asserts that the warranty claims are sufficiently pleaded and that there is no basis to strike the identified subparagraphs under Rule 12(e). For the reasons set forth below, the Court will grant Defendant's motion in part and deny it in part. The Court agrees with Defendant that Plaintiff has failed to state a claim for breach of express warranty and breach of implied warranty of fitness for a particular purpose, but the Court will deny Defendant's motion in all other respects. Further, the dismissal of Plaintiff's breach of express warranty and breach of implied warranty for fitness for a particular purpose claims shall be without prejudice to Plaintiff's ability to amend these claims through filing an amended complaint, insofar as the facts of this case support such claims under Pennsylvania law.

I.      **Factual and Procedural History**

The following facts are accepted as true for the purpose of the pending Motion to Dismiss (ECF No. 3):

Barry Jacob Miller was an employee of Pro Disposal, a waste collection company, and as part of Miller's job duties, he and his coworkers operated a Heil "Big Bite" rear loading garbage truck intended to be used to collect and compact refuse emptied into the truck's hopper by means of a container lift system (ECF No. 1-1 at ¶¶18-19). On July 2, 2018, at approximately 6:30 a.m., while Miller was working at his job unloading a dumpster in Johnstown, Pennsylvania, the garbage truck's wire cable escaped the container lifting system's cable guide with the dumpster in a raised position and the dumpster swung to the passenger side of the garbage truck, pinning Miller between the dumpster and the passenger side of the truck. *Id.* at ¶¶20-23. As a result, Miller sustained serious injuries which Plaintiff alleges ultimately caused his death. *Id.* at ¶24. Plaintiff asserts

---

[1] Plaintiff filed her brief in opposition as part of her response to Defendant's motion at ECF No. 7 and then again as a standalone document at ECF No. 8.

that the truck that caused Miller's death was "defective and posed a dangerous and unsafe risk by exposing operators to a known hazard in which a dumpster could swing, move unexpectedly, and/or dislodge from the rear of the garbage truck into the operator's work area." *Id.* at ¶26. Plaintiff describes that the truck was defective because, *inter alia*, it lacked adequate controls to ensure that the dumpster did not swing or dislodge from the truck, it lacked appropriate features to ensure that the container lifting system's cable wire stayed within its cable guide during use, and that the container lifting system controls were located within a zone of danger to the operator. *Id.* at ¶¶27-29.

In the complaint's breach of warranty claims, Plaintiff generally alleges Defendant warranted that the subject garbage truck and its components were safe for use and for the purposes intended, and was of merchantable quality. *Id.* at ¶67. Specific to a claim for breach of express warranty, Plaintiff pleads that Defendant expressed such warranties, but to the extent they were written, the warranty is not presently available to Plaintiff. *Id.* Plaintiff states further that the purchaser of the truck relied upon the representations in the warranty, that it was part of the bargain for sale, and that the breach of the warranty caused by the truck's defects led to Miller's death. *Id.* at ¶¶69-72.

## II.    Standard of Review

To survive a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When there are well-pleaded factual allegations, a court should assume

3

their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 664.

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* To avoid dismissal, plaintiffs "must allege facts to 'nudge [their] claims across the line from conceivable to plausible.'" *Mann v. Brenner,* 375 F. App'x 232, 235 (3d Cir. 2010) (quoting *Bell Atl. v. Twombly,* 550 U.S. at 570).

If a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," a party may move for a more definite statement. Fed. R. Civ. P. 12(e). However, Rule 12(e) motions are "highly disfavored since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." *A.M. Skier Agency, Inc. v. Creative Risk Servs.*, 2006 WL 167762, at *12 (M.D. Pa. Jan. 20, 2006) (quoting *Hughes v. Smith*, 2005 WL 435226, at *4 (E.D. Pa. Feb. 24, 2005)); *see also Schaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967) ("Although the motion for a more definite statement continues to exist in rule 12(e), it is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading."). Whether to grant a motion to strike is reserved to the discretion of the district court, although such motions are disfavored and usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues. *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 181-182 (M.D. Pa. 2008) (internal citation omitted).

### III.     Legal Analysis

In its partial motion to dismiss, Defendant contends that Plaintiff's warranty claims fail because Plaintiff does not plead that Plaintiff's decedent Miller had any knowledge of the conditions or sale or purchase of the truck, Plaintiff does not allege or identify to whom any alleged warranties were made, who relied on such warranties, or whether Miller was ever a party to such warranties while operating the truck, and Plaintiff does not set forth the language from the alleged warranty or attach the warranty (ECF No. 3 at pp. 6-7). Defendant also argues that certain allegedly open-ended language in the *ad damnum* paragraphs and paragraphs 30, 83, and 84 should be stricken under Rule 12(e) for lacking the required specificity. Plaintiff's brief in opposition argues that the warranty claims were adequately stated and there is no basis to strike the identified language under Rule 12(e).

### A. Plaintiff has failed to state a claim for breach of express warranty.

In Pennsylvania, a seller creates an express warranty under Pennsylvania's Uniform Commercial Code by "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." 13 Pa. Cons. Stat. § 2313(a). An express warranty is a promise made by the seller to the buyer which relates to the goods. *Nationwide Insurance Co., v. General Motors Corp./Chevrolet Motor Division*, 625 A.2d 1172, 1177 (1993). Formal words or a specific intent to create an express warranty are not necessary— the seller need not use the words "warrant" or "guarantee" or have a specific intention to make a warranty—but a mere opinion or commendation of the goods does not create a warranty. 13 Pa. Cons. Stat. § 2313(b). A court must first determine whether the seller's statement "constitutes an affirmation of fact or promise," and if it does, determine whether the statement was "part of the basis of the bargain." *Versatile Metals, Inc. v. Union Corp.*, 693 F. Supp. 1563, 1567 (E.D. Pa.

5

1988). If those two conditions are met, an express warranty exists. *Id.* (citing *Sessa v. Riegle*, 427 F. Supp. 760, 765 (E.D. Pa. 1977), aff'd 568 F.2d 770 (3d Cir. 1978)). A successful claim for breach of express warranty must plead such statements, reliance on behalf of the consumer, which presumes an awareness of the warranty, and, finally, damages. *See Price v. Chevrolet Motor Div. of Gen. Motors Corp.*, 765 A.2d 800 (Pa. Super. 2000).

Plaintiff alleges Defendant warranted that the truck and its components were safe for use and for the purposes intended, and was of merchantable quality (ECF No. 1 at ¶67). Plaintiff pleads that Defendant expressed such warranties, but to the extent they were written, the warranty is not presently available to Plaintiff. *Id.* Plaintiff states further that the purchaser of the truck relied upon the representations in the warranty, that it was part of the bargain for sale, that the representations were intended to extend to the users of the truck, and that the breach of the warranty caused by the truck's defects led to Miller's death. *Id.* at ¶¶68-72.

Plaintiff restates the required elements for asserting a breach of express warranty but does not plead any facts as to the specific terms within the express warranty that would support these elements. Without any indication from Plaintiff regarding the contents or circumstances of the alleged express warranty, the Court cannot determine whether Defendant breached an express warranty.[2] *See Barker v. Hostetter*, No. 13-5081, 2014 WL 1464319, at *26 (E.D. Pa. April 15,

---

[2] The Court notes that "Pennsylvania law allows for the enforcement of an express warranty by a third party under circumstances where an objective fact-finder could reasonably conclude: (1) the party issuing the warranty intends to extend the specific terms of the warranty to the third party (either directly or through an intermediary); and (2) the third party is aware of the specific terms of the warranty, and the identity of the party issuing the warranty." *Fairmont Supply Co. v. Cressman Tubular Prods. Corp.*, No. 10-1606, 2011 WL 1327416, at *4 (W.D. Pa. Apr. 6, 2011) (Schwab, J.) (citing *Goodman v. PPG Indus., Inc.*, 849 A.2d 1239, 1246 (Pa. Super. Ct. 2004). However, in this case, the complaint does not contain the facts necessary for the Court to apply this test to Plaintiff's breach of express warranty claim. Accordingly, as stated herein, Plaintiff will be permitted to amend the complaint, insofar as the facts adduced in discovery support such a claim under Pennsylvania law.

2014) (granting motion to dismiss on express warranty claims as plaintiffs did not plead contents of the alleged express warranty contained within plaintiffs' agreements with defendants).

Here, Plaintiff has not pleaded any facts to support that Defendant issued a warranty, the express terms of that warranty, or that it intended to extend the warranty to Miller. The Court rejects Defendant's argument that Plaintiff must attach a written express warranty to the complaint as the Federal Rules of Civil Procedure have no such requirement. However, a basic description of the express terms of the warranty is needed in order for the Court to determine the viability of Plaintiff's claims. *See Fleischer v. Fiber Composites*, LLC, No. 12–1326, 2012 WL 5381381, at *4 (E.D. Pa. Nov. 2, 2012) ("[i]n order to survive a motion to dismiss, a complaint asserting a claim for breach of an express warranty must provide more than bald assertions and should identify specific affirmations by the defendant that would constitute the alleged express warranty.") (internal citations omitted).

Plaintiff's breach of express warranty claim will be dismissed without prejudice to give Plaintiff the opportunity to reassert this claim with facts to support the elements of a breach of express warranty claim under Pennsylvania law. The Court is not unsympathetic to the situation of a plaintiff who often must file a complaint without the benefit of obtaining full discovery from defendant, particularly in wrongful death and survival action. Ultimately though, if an express warranty was made in this case regarding the truck, Plaintiff must plead the basic facts regarding the terms of the express warranty and the circumstances under which the express warranty was made in order for the Court to be able to determine if such terms extended to Miller, if the terms were breached, and if such breach caused Plaintiff's damages.

B. **Plaintiff has sufficiently stated a claim for breach of implied warranty of merchantability but failed to state a claim for breach of implied warranty of fitness for a particular purpose.**

7

Under the Pennsylvania Uniform Commercial Code, both an implied warranty of fitness for a particular purpose and merchantability: "arise[s] by operation of law and serve[s] to protect buyers from loss where the goods purchased are below commercial standards." *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992). Every product sold is done so with an implied warranty of merchantability and that it is fit for the purpose sold. *Vlases v. Montgomery Ward & Co.*, 377 F.2d 846 (3d Cir. 1967). The goods must be "fit for the ordinary purposes for which such goods are used." 13 Pa. Cons. Stat. Ann. § 2314(b)(3).

A successful breach of implied warranty of merchantability must show that the product was defective in that the product "functioned improperly in the absence of abnormal use and reasonable secondary causes." *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d at 1105 (3d Cir. 1992). As alleged, Miller was injured by the defective truck manufactured by Defendant. As a result, Plaintiff can properly bring this claim against Defendant if it alleges (1) that the truck malfunctioned; (2) that Miller used the product as intended or reasonably expected by the manufacturer Defendant; and (3) the absence of other reasonable secondary causes. *Id. See also, EQT Prod. Co. v. Aspen Flow Control, LLC*, No. 2:20-cv-295, 2020 WL 6545998, at *2 (W.D. Pa. Nov. 6, 2020). Plaintiff has done so. Plaintiff pleads that Defendant warranted that the truck was merchantable. *Id.* at ¶67. Plaintiff's complaint describes that Miller was operating the truck for the purpose of collecting garbage from a dumpster in his role as an employee for Pro Disposal, a waste collection company (ECF 1-1 at ¶¶4 and 18). Plaintiff also adequately pleads that the truck's defects allegedly rendered it unsafe for its intended use and not of merchantable quality, describing, *inter alia*, that the truck lacked adequate controls to ensure a dumpster's trunnion bars stayed engaged and locked in place when the dumpster was elevated, that the truck lacked adequate controls to ensure the winch system's cable wire stayed within its cable guide, and that the

8

placement of the controls required the workers to operate its controls from within a zone of danger due to the container swinging hazard (ECF No. 1-1 at ¶¶26-30).

Plaintiff correctly cites in her brief that a breach of warranty for fitness for a particular purpose claim "requires that the seller had reason to know of the buyer's particular purpose at the time of contracting and that the buyer was relying on the seller's expertise. In that case, the goods are implicitly warranted to be fit for that particular purpose." *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d at 1105 (3d Cir. 1992) (citing 13 Pa. C. S. §2315). However, Plaintiff's complaint does not plead any facts that support that Defendant had reason to know of the buyer's particular purpose at the time of the sale of the truck and that the buyer was relying on the seller's expertise. However, given the specialized, commercial nature and functions of the truck, the Court will dismiss this claim but such dismissal will be without prejudice for Plaintiff to reassert this claim insofar as facts adduced during discovery support a claim for breach of implied warranty of fitness for the particular purpose.

### C. The language in the *ad damnum* clauses and subparagraphs 30, 83, and 84 are not so vague or ambiguous that Defendant cannot reasonably prepare a response.

Defendant requests that the Court strike subparagraphs 30, 83 and 84 of the complaint and language in the *ad damnum* clauses under Rule 12(e). Rule 12(e) states that:

> "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

As a preliminary issue, Plaintiff correctly states that Rule 12(e) does not provide that the Court would strike these paragraphs for being vague or ambiguous without first ordering that Plaintiff file a more definite statement and Plaintiff failing to obey such an order.

As to Defendant's motion, Defendant argues that certain subparagraphs in the *ad damnum* clauses in the complaint, as well as paragraphs 83 and 84, should be stricken as they refer to Plaintiff seeking "all lawful damages for the pecuniary loses suffered by the Estate due to the Decedent's death" and "all legally recoverable damages" for the conscious pain and suffering undergone by Plaintiff's decedent Miller before his death and for the value of the expectancy and enjoyment of life which was terminated by the wrongdoing of Defendant and the defective garbage truck at issue. Paragraph 30 states "…the subject garbage truck was defective in that its container lifter system, among other things, lacked an adequate system to contain its wire cable…" Defendant asserts that the "among other things" language would allow Plaintiff to assert additional causes of action beyond the statute of limitations.

These statements are not so vague that Defendant can plausibly claim that it will not be able to prepare a response. As to the damages language, Plaintiff has clearly stated the facts of the incident involving Miller which she alleges entitle her to damages from Defendant in this wrongful death and survival action. Pennsylvania law is well established as to Plaintiff's burden of proof relating to issues of liability and Plaintiff's entitlement to damages under the various counts in the complaint. Ultimately, while the Court appreciates the potential ambiguity in these subparagraphs, Defendant can through discovery secure the information it needs to contest Plaintiff's claims for damages and defend itself against Plaintiff's theories of liability in this case.

## IV.    Conclusion

Plaintiff has failed to state a claim for breach of express warranty and breach of implied warranty for fitness for a particular purpose, but the dismissal of these claims shall be without prejudice to reassert these claims in an amended complaint, insofar as the facts of this case support such claims under Pennsylvania law. Defendant's motion to dismiss as to Plaintiff's implied

10

warranty for merchantability and request to strike certain subparagraphs under Rule 12(e) shall be denied.

An appropriate order follows.


DATED: March 10, 2021

Stephanie L. Haines
United States District Judge