IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANICE MILLER, individually and as Administratrix of the ESTATE OF BARRY JACOB MILLER,<br>        Plaintiff,<br><br>vs.<br><br>THE HEIL CO.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 3:20-cv-91<br>) Judge Stephanie L. Haines<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

Before the Court is The Heil Co.'s ("Defendant") Motion for Reconsideration (ECF No. 65) regarding the Court's Memorandum Order (ECF No. 62) in which the Court denied Defendant's Motion to Compel Production of Mental Health Records withheld as Privileged (ECF No. 49). The Court found Defendant failed to show Plaintiff waived any privileges attached to the withheld records under Pennsylvania's patient-psychologist/psychiatrist privilege, 42 P.S. § 5944, and Pennsylvania's Mental Health Procedures Act ("MHPA"), 50 P.S. § 7111. However, the denial was without prejudice insofar as discovery of the withheld records would be necessary based on specific evidence Plaintiff seeks to introduce at trial and such necessary information is unavailable through other means. The Court also stated it would address the need for discovery of privileged records with the parties at the post-discovery conference, now scheduled for August 26, 2022. For the reasons set forth below the Court will DENY Defendant's Motion for Reconsideration and reaffirm its previous findings.

**I.      Factual and Procedural History**

Here we reiterate the facts as described in our previous Memorandum Order on this issue. The Court issued a Memorandum Order (ECF No. 45) requiring Plaintiff to produce signed authorizations to Defendant relating to the subpoenas attached to Defendant's Motion to Compel Execution of Authorizations (ECF No. 23) and Supplemental Brief (ECF No. 41), with all responsive documents first produced to Plaintiff. Plaintiff was to then provide all nonprivileged documents to Defendant, along with a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii). On October 7, 2021, Plaintiff sent Defendant a letter advising that, of the 655 documents it received in response to the subpoenas, 631 of those documents were protected by privilege, and Plaintiff produced a privilege log as to the withheld records (ECF Nos. 49-3 and 49-4). Defendant requested Plaintiff produce the withheld records, and, as the parties were not able to resolve the issue, on November 3, 2021, Defendant filed a Motion to Compel Production of Mental Health Records Withheld as Privileged (ECF No. 49). On November 23, 2021, Plaintiff filed her Response in Opposition to Defendant's Motion to Compel Production of Mental Health Records Withheld as Privileged (ECF No. 51). As described above, the Court denied Defendant's Motion to Compel on March 11, 2022 (ECF No. 62). On June 29, 2022, the Defendant filed the Motion for Reconsideration (ECF No. 65) at issue with a Brief in Support (ECF No. 66). Subsequently, Plaintiff filed her Response in Opposition to the Motion for Reconsideration (ECF No.68). The issue of reconsideration is now ripe for disposition.

**II.     Legal Standard**

A motion to compel is governed by Rule 37. Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "A party moving to compel discovery bears the initial burden of proving the relevance of the requested information." *Trask v. Olin Corp.*, 298 F.R.D. 244, 263 (W.D. Pa. 2014) (internal citations omitted). "The burden then shifts to the opposing party, who

must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Ivy v. Johnson*, 2021 U.S. Dist. LEXIS 18041, at *2 (M.D. Pa. Feb. 1, 2021) (citing *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982)). "Although the scope of discovery under the Federal Rules is unquestioningly broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Rule 26 expressly places two content-based limitations upon the scope of discovery: privilege and relevance. *See Trask*, 298 F.R.D. at 257 (W.D. Pa. 2014).

### III. Analysis

The bar is set high for granting a motion for reconsideration. Plaintiff states in her Opposition to the Motion that reconsideration of the Court's Memorandum Order is not appropriate because none of the factors necessary are present in this case. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). District courts grant motions for reconsideration sparingly as there is an interest in finality. *See Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998).

> [M]otions for reconsideration should be strictly reviewed for the following reasons: First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure which provide all the necessary safeguards to promote fair decisions. [And] third, broad interpretation of motions for reconsideration is not supported by controlling precedent. Accordingly, motions for reconsideration are not vehicles whereby parties are free to relitigate issues [that] the court has already decided.

*Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004) (internal quotations and citations omitted). Furthermore, the Appellate Court reviews the denial of a motion reconsideration for an abuse of discretion. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008) (Rule 60(b) motions); *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 673 (3d Cir.

3

1999) (Rule 59(e) motions). "To demonstrate an abuse of discretion, [an appellant] must show that the District Court's decision was arbitrary, fanciful or clearly unreasonable." *Tucker v. Hewlett Packard, Inc.,* No. 20-1101, 2021 WL 4060636, at *2 (3d Cir. Sept. 7, 2021).

Without repeating the Court's previously articulated analysis from its Memorandum Opinion, the Court briefly states both privilege and relevance are at issue in this discovery dispute. Defendant argues the Plaintiff has introduced the withheld records as they are relevant to Plaintiff's damages claims, and that Plaintiff has affirmatively waived any privileges by asserting such claims. Plaintiff asserts the withheld records are protected from disclosure under Pennsylvania's patient-psychologist/psychiatrist privilege, 42 Pa. C.S. §5944, and/or the confidentiality provision in Pennsylvania's Mental Health and Procedures Act ("MHPA"), 50 P.S. § 7111, and her damages claims do not act to waive those privileges.

While the Court agrees Defendant is entitled to seek discovery as to Miller's health at the time of his death and records relating to his attempt to learn skills at a vocational institute, in its Motion for Reconsideration Defendant has not presented a convincing argument to support overturning the Court's standing decision as to the privileged documents. Defendant has not proven an error of law or fact, nor does its newly presented deposition testimony warrant the Court's changing its previously issued opinion and order. The Defendant's argument in it's Motion is that the deposition testimony of Plaintiff demonstrates that it could not obtain the relevant information it needs to fully analyze decedent's prospective earning capacity. Defendant stated, "Heil cannot construct a full picture of Decedent's ability to hold and maintain employment for several additional decades." ECF No. 66, p. 3.

The Court does not find that Defendant's presentation of this deposition testimony as proof that it cannot obtain the necessary information for its purposes of determining life expectancy and

earning capacity of the deceased. Moreover, Defendant has not shown that the information it allegedly needs to address Plaintiff's damages claims and prepare its expert reports is not readily available in the more than ample discovery it has already obtained. Indeed, the record suggests Defendant already possesses numerous records relating to Miller's physical and mental health at the time of his death, work history, and academic history.

"A party moving to compel discovery bears the initial burden of proving the relevance of the requested information." *Morrison v. Phila. Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Prime Energy & Chem., LLC v. Tucker Arensberg, P.C.*, No. 2:18-CV-0345, 2022 WL 1642394, at *4 (W.D. Pa. May 24, 2022) (citing *In re Urethane Antitrust Litigation*, 261 F.R.D. 570, 573 (D. Kan. 2009)). The Court understands that Plaintiff's damages claim brings into question the prospective earning capacity of the decedent and that records related to earning capacity would be relevant and necessary to Defendant's analysis of the case. However, the Defendant has not proven that the information contained in the withheld privileged records is any more than marginally relevant to Plaintiff's future earning capacity or life expectancy. Given the tenuous relevancy, the Court is not convinced of its necessity to Defendant to cause the Court to strip the protections afforded to highly private records. Finally, Defendant has not presented its case that its current discovery is not sufficient and therefore, the Court finds there is not a strong argument to support the waiver of the privilege prohibiting the discovery of these documents.

## IV. Conclusion

The Court will DENY Defendant's Motion for Reconsideration (ECF No. 65), but reiterates and reaffirms that the denial to Compel Production of Mental Health Records Withheld as Privileged shall be without prejudice insofar as discovery of the withheld records is necessary based on specific evidence Plaintiff seeks to introduce at trial and such necessary information is unavailable through other means. The Court will address the need for discovery of privileged records with the parties at the post-discovery conference, as at that time, the parties should be better able to address the need for such records based on the evidence adduced during discovery.

An appropriate Order follows.

## **ORDER**

AND NOW, this 25th day of July, 2022, in accordance with the accompanying memorandum, IT IS ORDERED that Defendant's Motion for Reconsideration (ECF No. 65) is DENIED.

_/s/ Stephanie L. Haines_
Stephanie L. Haines
United States District Judge